**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER LANDAVERDE PEREZ, | No.   14-72389 |
| Petitioner, | Agency No. A076-219-621 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Walter Landaverde Perez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

In denying his withholding of removal claim, the BIA found that Perez failed to establish that Salvadoran returnees with perceived wealth was a cognizable social group. The BIA further found that, even if cognizable, Perez failed to show a nexus between the harm he feared and a protected ground. In his opening brief, Perez contends for the first time that he established eligibility for withholding of removal based on a particular social group of returning Salvadorans accompanied by his or her U.S. citizen children. We lack jurisdiction to consider this. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Apart from this argument, Perez does not challenge the BIA's grounds for denying withholding of removal. Thus, we deny the petition as to Perez's withholding of removal claim.

Substantial evidence supports the agency's denial of Perez's CAT claim because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of El Salvador.

*See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**